UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CORNELIUS MOORER,                    ) 1:11CV1079
                                     )
            Petitioner              ) JUDGE DONALD NUGENT
                                     ) (Magistrate Judge Kenneth S. McHargh)
            v.                       )
                                     )
WARDEN,  Marrion Corr. Facility,    )
                                     )
            Respondent              ) REPORT AND RECOMMENDED
                                     ) DECISION OF MAGISTRATE JUDGE

McHARGH, MAG. J.

    The petitioner Cornelius Moorer ("Moorer") has filed a petition pro se for a

writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2008 conviction for

drug trafficking in the Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.)

In his petition, Moorer sets forth five[1] grounds for relief:

    [1.]  Petitioner asserts that he was denied access to the courts because
    he was never properly given a ... hearing on his motion to withdraw his
    guilty plea and there is no transcripts that exist to support the record
    that a hearing was ever held on petitioners motion to withdraw the
    plea.

    [2.]  Conviction was obtained by the unconstitutional failure of the
    prosecution to disclose to the defendant evidence favorable to the
    defendant.

    [3.]  Conviction obtained by the use of evidence obtained pursuant to
    an unlawful arrest.

---

    [1]  In his petition, Moorer numbers four grounds for relief; however, he raises
the arguments set forth here as the first ground in Section 12, at p. 3.  Because the
court reads a pro se filing liberally, Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir.
2001), the court includes it as the first ground.  See also doc. 8, at 6 n.3.

[4.]  Petitioner was denied his Constitutional Right to due process on Appeal.

[5.]  Petitioner was denied effective assistance of counsel.

(Doc. 1, § 12.)

The respondent filed a Return of Writ (doc. 8), and Moorer has filed a

Traverse (doc. 10).


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

On June 15, 2007, a six-count indictment was issued against Moorer and his codefendant, Jason Lawrence ("Lawrence").  Counts 1 and 2 charged both Moorer and Lawrence with drug trafficking; to wit: crack cocaine, in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(A)(1), respectively, with a major drug offender specification and a juvenile specification attached to both counts.  Count 3 charged Moorer and Lawrence with possession of drugs, in violation of 2925.11(A), and included a major drug offender specification.  Count 4 charged Moorer and Lawrence with possessing criminal tools, in violation of R.C. 2923.24(A).  Counts 5 and 6 pertained only to Lawrence.

On June 27, 2007, Moorer was arraigned and entered a plea of not guilty; the trial court found him to be indigent and appointed counsel. On July 11, 2007, Moorer's initial counsel withdrew, and Moorer was appointed a second attorney.

On January 23, 2008, the State amended Count 2, drug trafficking, by reducing the amount of crack cocaine involved to be between 25 and 100 grams, as opposed to an amount greater than 100 grams, and removed both the major drug offender and juvenile specifications. Counts 1, 3, and 4 were nolled.  Moorer then entered a plea of guilty to Count 2 as amended.  As part of the plea agreement, the trial court, the State, and Moorer had agreed upon an eight-year prison sentence, and five years of mandatory postrelease control.  Moorer was then

2

referred to the probation department for a presentence investigation report.

On March 5, 2008, Moorer filed a pro se motion to disqualify his counsel.  As the basis for this motion, Moorer argued that his counsel failed to assert defenses Moorer wanted to raise before the trial court. The trial court did not issue a ruling on Moorer's motion.

Before Moorer was sentenced, on March 17, 2008, he made an oral motion to withdraw his guilty plea, which was denied.  Moorer was then sentenced to the agreed mandatory eight years in prison and five years of mandatory postrelease control.  Moorer did not file a direct appeal.

More than six months later, on October 28, 2008, Moorer filed a pro se motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1.  Moorer argued that the trial court erred when it failed to hold a hearing on his oral motion to withdraw his plea, and further, Moorer maintained that he did not knowingly change his plea.  The State responded on November 4, 2008, by filing a motion for summary judgment.  The State argued that the trial court was without jurisdiction to rule on Moorer's motion to withdraw his plea because his motion raised issues that should have been raised on direct appeal. On December 1, 2008, Moorer filed a motion to strike the State's motion for summary judgment arguing that the State should have filed a brief in opposition to Moorer's motion to withdraw his guilty plea and not a motion for summary judgment.  On March 18, 2009, the trial court denied Moorer's motion to withdraw his guilty plea.  The trial court did not rule on the State's motion for summary judgment or Moorer's motion to strike.

(Doc. 8, RX 31, at 1-3; State v. Moorer, No. 93155, 2009 WL 4695439, at *1 (Ohio

Ct. App. Dec. 10, 2009).)

Moorer was sentenced on March 17, 2008 (doc. 8, RX 7), and on March 20

Moorer filed a notice of appeal pro se (doc. 8, RX 8).  The court of appeals dismissed

the appeal sua sponte, finding that Moorer had agreed to the mandatory sentence.

(Doc. 8, RX 9.)  Moorer did not appeal that decision to the Supreme Court of Ohio.

Several months later, however, Moorer filed a Motion for Relief from Judgment.  (Doc. 8, RX 12.)  The court of appeals denied the motion, which it stated was inappropriate at the appellate level.  The court stated that a motion under App. Rule 26(A) would have been appropriate, but was "now untimely."  (Doc. 8, RX 13.)

On Oct. 24, 2008, Moorer filed a Motion to Withdraw Plea under Crim. Rule 32.1.  (Doc. 8, RX 16.)  The trial court denied the motion.  (Doc. 8, RX 20.)

Moorer appealed, and set forth the following assignments of error:

1.  The trial court prejudicially erred when it refused to hold a hearing concerning the appellant's request to withdraw his plea of guilty.

2.  The trial court abused its discretion in denying the appellant's motion to withdraw his guilty plea by adopting Civ. R. 56 which failed to comply with the mandates of Civ. R. 12(B) and no opposition was filed to properly oppose the motion.

(Doc. 8, RX 21-22.)  On Dec. 10, 2009, the court of appeals affirmed the judgment of the trial court.  (Doc. 8, RX 31; State v. Moorer, No. 93155, 2009 WL 4695439 (Ohio Ct. App. Dec. 10, 2009).)  Moorer filed a motion for reconsideration, which was denied.  (Doc. 8, RX 32-33.)

Moorer next appealed to the Supreme Court of Ohio, raising the following four  propositions of law:

1.  Did the Eighth District Court of Appeals err in denying Appellant's reconsideration based on Appellant's sentence being void?

2.  Did the Eighth District Court of Appeals error when it affirmed the trial court's denial of Appellant's oral motion pursuant to R.C. 32.1 ?

4

(Doc. 8, RX 36.) On May 26, 2010, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 8, RX 37; State v. Moorer, 125 Ohio St.3d 1439, 927 N.E.2d 11 (2010).)

On July 12, 2010, Moorer filed a Motion for Resentencing in the trial court. (Doc. 8, RX 38.) The trial court denied his motion on Dec. 9, 2010. (Doc. 8, RX 42.)

Moorer filed a notice of appeal pro se (doc. 8, RX 43), but the court of appeals dismissed the appeal sua sponte, finding the appeal barred by res judicata. (Doc. 8, RX 46.) Moorer filed a motion for reconsideration, which was denied. (Doc. 8, RX 48-49.) Moorer did not appeal that judgment further.

Finally, Moorer filed a Request for a Final Appealable Order in the trial court on May 23, 2011, asserting that the trial court had failed to journalize its denial of his oral motion to withdraw his guilty plea. (Doc. 8, RX 50.) In response, the trial court issued a nunc pro tunc entry reflecting the judgment and sentence imposed in open court. (Doc. 8, RX 52.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

5

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Moorer has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519

6

(1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Moorer allege violations of Ohio law. The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of state law or the Ohio Constitution is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III.  HEARING ON MOTION TO WITHDRAW PLEA

The first ground of the petition is that Moorer was denied a hearing on his motion to withdraw his guilty plea.  (Doc. 1, § 12, at p. 3.)  The respondent argues that this claim is not cognizable in federal habeas, because there is no constitutional right to withdraw a guilty plea, or to an evidentiary hearing on a motion to withdraw plea.  (Doc. 8, at 10.)

A criminal defendant has no constitutional right to an evidentiary hearing on a motion to withdraw a guilty plea. See, e.g., Hines v. Miller, 318 F.3d 157, 162 (2d Cir. 2003), cert. denied, 538 U.S. 1040 (2003) (citing cases).  More fundamentally, there is no federal constitutional right to withdraw a guilty plea.  Dickey v. Warden,

7

Lebanon Corr. Inst., No. 1:08CV819, 2010 WL 92510, at *7-*8 (S.D. Ohio Jan. 6, 2010) (citing cases); Breeden v. Beightler, No. 3:06CV3056, 2008 WL 1995367, at *13 (N.D. Ohio May 6, 2008) (citing United States ex rel. Scott v. Mancusi, 429 F.2d 104, 109 (2d Cir. 1970)).

In addition, this court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007). Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court. Lewis, 497 U.S. at 780; Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Moorer has failed to demonstrate that the state court's actions were contrary to, or involved an unreasonable application of, clearly established federal law.

In his traverse, Moorer argues that the state courts violated his rights under Boykin v. Alabama, 395 U.S. 238 (1969), which held that a plea must be voluntarily and intelligently made to be constitutional. (Doc. 10, at 8.) However, his petition did not argue that his plea was not voluntarily and intelligently made; the petition

8

asserted that "he was never properly given a ... hearing on his motion to withdraw his guilty plea."  (Doc. 1, at § 12.)

Moorer cannot raise a new ground for habeas relief in his Traverse.  Any alleged violations of constitutional rights which are first raised in a traverse, rather than the habeas petition, are not properly before this court, and will not be considered.  Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15  (N.D. Ohio Apr. 26, 2010); Sowell v. Collins, 557 F.Supp.2d 843, 889 (S.D. Ohio 2008).

The petition should not be granted on the basis of the first ground, because there is no constitutional right to a hearing on a motion to withdraw a guilty plea.

## IV.  WIRETAP EVIDENCE

The second ground of the petition is "Conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."  Moorer contends that his conviction was based on evidence obtained through an informant who "wore a wire," and that this evidence was "unlawfully obtained and must be suppressed."  Moorer believes that, because the informant was on "federal probation," the wiretaps required "judicial authorization" from the district court.  (Doc. 1, at § 12.)

The third ground of the petition is "Conviction obtained by the use of evidence obtained pursuant to an unlawful arrest."  Moorer asserts that his

constitutional rights were violated when the trial court and the prosecution failed to provide him with a copy of the court's authorized wiretap order within the relevant time period, and therefore the wiretap evidence should be suppressed.  (Doc. 1, at § 12.)

The respondent argues that both of these claims are barred under Stone v. Powell, 428 U.S. 465, 494 (1976).  (Doc. 8, at 12-14.)

The United States Supreme Court held in Stone v. Powell that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Moore v. Wilson, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008).  Although Stone predates the AEDPA, it continues to govern Fourth Amendment habeas claims. Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors.  Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982).  First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim?  The Sixth Circuit has ruled that Ohio's procedures are adequate in this regard.  Riley, 674 F.2d at 526; see also Moore, 2008 WL 3852141,

at *7 (citing Riley); Smith, 2006 WL 2233211, at *4.  Ohio Criminal Rule 12

provides an opportunity to raise Fourth Amendment claims through a pretrial

motion to suppress.  Riley, 674 F.2d at 526.  A criminal defendant who has

unsuccessfully moved to suppress has the opportunity to take a direct appeal of that

order.  Id.

   The second factor is whether presentation of the Fourth Amendment claim

was frustrated because of a failure of the state's procedures.  Riley, 674 F.2d at 526;

Smith, 2006 WL 2233211, at *3.  This inquiry is "not meant to be a case by case

review of state court determinations."  Abdul-Mateen, 2000 WL 687653, at *3.

The Southern District of Ohio recently noted:

> Courts have consistently held that the "relevant inquiry" in resolving
> the second question posed in Riley is whether the "habeas petitioner
> had an opportunity to litigate his claims, not whether he in fact did so
> or even whether the Fourth Amendment claim was correctly decided"
> by the state courts.

Graham v. Warden, Chillicothe Corr. Inst., No. 1:10CV616, 2011 WL 3941615, at *6

(S.D. Ohio July 22, 2011); see also Abdul-Mateen, 2000 WL 687653, at *3 (inquiry is

review of whether state provided adequate mechanism to address Fourth

Amendment claims).  An independent and adequate state procedural ground may

legitimately serve to frustrate a petitioner's opportunity to raise a Fourth

Amendment claim.  Riley, 674 F.2d at 526 n.3.

   Moorer had the opportunity to raise his Fourth Amendment claims through

the procedures provided by the State of Ohio, as set forth above.  Moorer did not

raise those claims in the state courts.  As noted by the Sixth Circuit: "All that

Stone v. Powell requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." Jennings v. Rees, 800 F.2d 72, 77 (6th Cir. 1986); see also Cowans v. Bagley, 624 F.Supp.2d 709, 797 (S.D. Ohio 2008), aff'd, 639 F.3d 241 (6th Cir. 2011) (quoting Jennings).

In his traverse, Moorer argues that Stone does not preclude Sixth Amendment claims, namely ineffective assistance of counsel for failing to file a motion to suppress.  (Doc. 10, at 12-13.)  Again, however, Moorer did not raise these claims in his petition in the context of ineffective assistance of counsel.  See doc. 1, § 12, at p. 4.  The court cannot consider these alleged violations of his Sixth Amendment constitutional rights which are first raised in his traverse, rather than the habeas petition.  Tyler, 416 F.3d at 504 (citing cases); Jenkins, 2010 WL 1948297, at *15; Sowell, 557 F.Supp.2d at 889.

As to the third ground, Moorer also argues that there was a constitutional violation requiring suppression because he did not receive a copy of the "wiretap Court order."  (Doc. 10, at 14-15, quoting 18 U.S.C. § 2518(9)[2].)  First of all, according to Moorer himself, a wiretap was not involved, but rather "the informant wore a wire," (doc. 1, at p. 4), which would not implicate Section 2518.  Second, even if it applied, the statutory requirements of Section 2518 are not coextensive with the constitutional requirements of the Fourth Amendment.  See, e.g., United States

---

[2]  Earlier, Moorer asserted that "he was simply entitled to a copy of the wiretap court order under Ohio law."  (Doc. 10, at 12, emphasis added.)

12

v. Gaines, 639 F.3d 423, 430 (8th Cir. 2011).  While the statutory probable cause standards "are co-extensive with the constitutional requirements embodied in the Fourth Amendment," Gaines, 639 F.3d at 430 (quoting United States v. Leisure, 844 F.2d 1347, 1354 (8th Cir. 1988)), other statutory provisions beyond probable cause are not constitutionally mandated.  Thus, federal courts have found that, absent a showing of bad faith or actual prejudice, the failure to serve a defendant with a formal inventory notice does not justify suppression.  United States v. DeJesus, 887 F.2d 114, 117 (6th Cir. 1989); see also United States v. Robinson, 513 F.Supp.2d 169, 188 (M.D. Pa. 2007).

The petition should not be granted on the basis of the second or third grounds, which are barred under the application of Stone v. Powell.  Moorer has failed to demonstrate that the state court's actions were contrary to, or involved an unreasonable application of, clearly established federal law.

## V.  RIGHT TO APPEAL

The fourth ground of the petition is "Petitioner was denied his Constitutional Right to due process on Appeal."  Moorer asserts that, although he filed a timely notice of appeal, the appeal was dismissed by the court sua sponte on the grounds that he had agreed to a mandatory sentence, which agreement he disputes.  He argues that his sentence was void, and that he had a right to appeal his sentence.  (Doc. 1, § 12.)

13

The respondent states that Moorer is arguing that his sentence is void because the journal entry allegedly fails to include mandatory post-release control, and that he was denied the remedy provided by Ohio law for the error.  The respondent contends that a claim that the trial court violated state law when sentencing a defendant is not cognizable in federal habeas.  (Doc. 8, at 14-15.)

Moorer was sentenced under an agreed sentence.  (Doc. 8, RX 3; see also doc. 8, RX 31, at 2; Moorer, 2009 WL 4695439, at *1.)  Under Ohio law, a jointly recommended sentence is not subject to appellate review.  Cornell v. Jeffries, No. 2:05CV948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (citing cases); State v. Porterfield, 106 Ohio St.3d 5, 10, 829 N.E.2d 690, 694-695 (2005); State v. Ahladis, No. 2010–T–0087, 2011 WL 3558227, at *3 (Ohio Ct. App. Aug. 12, 2011) (citing Porterfield); State v. Lentz, No. 01CA31, 2003 WL 576646, at *1 (Ohio Ct. App. Feb. 28, 2003); Ohio Rev. Code § 2953.08(D)(1).

In any event, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.  Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); see also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing cases) (federal court cannot review state's alleged failure to adhere to sentencing procedures).  Federal habeas relief is not available for a claimed error of state law.  Lewis, 497 U.S. at 780.

In his traverse, Moorer claims that "neither the trial court nor counsel informed [him] of any right to appeal."  (Doc. 10, at 16.)  The court notes that, as

14

Moorer recites in his Petition, he was sentenced on March 17, 2008, and filed a Notice of Appeal on March 20, 2008.  (Doc. 8, RX 8; see also doc. 1, § 12.)  More importantly, as discussed earlier, the court cannot consider claims which are first raised in his traverse.  Tyler, 416 F.3d at 504 (citing cases); Jenkins, 2010 WL 1948297, at *15; Sowell, 557 F.Supp.2d at 889.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780; Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (per curiam).  Moorer has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  The petition should not be granted on the basis of the fourth ground.


## VI.  INEFFECTIVE ASSISTANCE OF COUNSEL

The fifth ground of the petition is that Moorer was denied effective assistance of counsel.  Moorer makes the following allegations in this regard:

> Petitioner asserts his counsel never informed him of his agreeing to any Mandatory term of imprisonment, as a part of his plea agreement. Petitioner was denied effective assistance of counsel when his Counsel failed to request any discovery of a copy of the authorized wiretap court authorizations.  Petitioner asserts these wiretaps records were a necessity and probative value of the wiretap court order and he was entitled to the court order, as a result his plea was less than voluntarily and knowingly.  Counsel failed to advise Petitioner of his

15

plea to 5 Years Mandatory Post Release Control which ultimately
made Petitioners sentence void by Ohio Law.

(Doc. 1, § 12.)   In other words, Moorer alleges ineffective assistance concerning his

plea based on three allegations:  1) counsel failed to request discovery of the wiretap

authorization; 2) Moorer was not advised of a mandatory term of imprisonment;

and, 3) Moorer was not advised of mandatory post release control.

The respondent argues that Moorer's guilty plea waived any constitutional

claims which preceded his guilty plea.  (Doc. 8, at 19-20.)

## A.  Guilty Plea

The Supreme Court has instructed that, after a criminal defendant pleads

guilty on the advice of counsel, the focus of the habeas inquiry becomes "the nature

of the advice and the voluntariness of the plea, not the existence as such of an

antecedent constitutional infirmity."  Tollett v. Henderson, 411 U.S. 258, 266

(1973); see also Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (citing Brady v.

United States, 397 U.S. 742 (1970) and related cases) (guilty plea, intelligently and

voluntarily made, bars assertion of constitutional challenges); Campbell v.

Marshall, 769 F.2d 314, 318-319 (6th Cir. 1985), cert. denied, 475 U.S. 1048 (1986).

The Court reaffirmed that, after a guilty plea, a defendant:

. . . may not thereafter raise independent claims relating to the
deprivation of constitutional rights that occurred prior to the entry of
the guilty plea. He may only attack the voluntary and intelligent
character of the guilty plea by showing that the advice he received
from counsel was not within the standards set forth in McMann [v.
Richardson, 397 U.S. 759 (1970)].

16

Tollett, 411 U.S. at 267; see also Campbell, 769 F.2d at 318; Phillips v. Houk, No.
5:09CV1848, 2012 WL 2191634, at *5 (N.D. Ohio Jan. 4, 2012) (quoting Lefkowitz,
420 U.S. at 288).  A defendant's guilty plea "renders irrelevant those constitutional
violations not logically inconsistent with the valid establishment of factual guilt ."
Phillips, 2012 WL 2191634, at *5 (quoting Menna v. New York, 423 U.S. 61, 62
(1975)).

The Supreme Court has ruled that a guilty plea which was made voluntarily,
knowingly, and intelligently is constitutionally valid.  DeSmyther v. Bouchard, No.
03-1419, 2004 WL 1921182 (6th Cir. 2004) (per curiam), cert. denied, 544 U.S. 921
(2005) (citing Brady, 397 U.S. 742).  The Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set
> aside a guilty plea or plea agreement which fails to satisfy due process.
> . . . If a defendant understands the charges against him, understands
> the consequences of a guilty plea, and voluntarily chooses to plead
> guilty, without being coerced to do so, the guilty plea . . . will be upheld
> on federal review.

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th
Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

If the advice which counsel gave Moorer was "reasonably competent," the
plea was intelligently made.  Jones v. Parke, 734 F.2d 1142, 1147-1148 (6th Cir.
1984) (citing McMann, 397 U.S. at 770).  The Supreme Court has recognized the
"unavoidable uncertainty" involved in pre-trial pleas, stating:  "That a guilty plea
must be intelligently made is not a requirement that all advice offered by the
defendant's lawyer withstand retrospective examination in a post-conviction

17

hearing." McMann, 397 U.S. at 770.  Thus, the court "should not retroactively consider counsel's advice to be right or wrong, but instead should consider whether that advice was within the range of competence demanded of attorneys in criminal cases." Larry v. Hudson, No. 1:08CV1233, 2009 WL 3261632, at *5 n.2 (N.D. Ohio Oct. 8, 2009) (citing McMann); see also Bari v. Williams, No. 1:09CV2880, 2011 WL 3648124, at *20-*21 (N.D. Ohio Apr. 11, 2011) (reasonable competence is measure of counsel's performance in plea negotiations).

The Supreme Court has held that the Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Bari, 2011 WL 3648124, at *20-*21.


## B.  Ineffective Assistance

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann, 397 U.S. at 771 n.14).  The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

18

have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable." Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has recently affirmed in several cases that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard.  Harrington v. Richter, 131 S.Ct. 770, 785 (2011).   The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S.Ct. at 788; Premo v. Moore, 131 S.Ct. 733, 740 (2011).

In Premo v. Moore, the Supreme Court emphasized that "strict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." Moore, 131 S.Ct. at 741.  The Court explained:

19

> In the case of an early plea, neither the prosecution nor the defense may know with much certainty what course the case may take. It follows that each side, of necessity, risks consequences that may arise from contingencies or circumstances yet unperceived. The absence of a developed or an extensive record and the circumstance that neither the prosecution nor the defense case has been well defined create a particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and entered.

Moore, 131 S.Ct. at 742. In such a situation, the Court found that there is "a most substantial burden on the claimant to show ineffective assistance." Id. at 745.

As to the prejudice element, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 694). "The likelihood of a different result must be substantial, not just conceivable." Richter, 131 S.Ct. at 792.

In a challenge to a guilty plea based on ineffective assistance of counsel, the "prejudice" requirement

> . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Hill, 474 U.S. at 58-59; see also Moore, 131 S.Ct. at 745.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded

20

disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011), cert. denied, 132 S.Ct. 2376 (2012) (en banc) (quoting Richter).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  Id. at 786; see also Montgomery, 654 F.3d at 676.

Moorer's allegations[3] are that he was not advised that the plea involved a mandatory term of imprisonment and mandatory post release control.  (Doc. 1, § 12.)  Neither party submitted a complete transcript of the plea hearing or the sentencing hearing; however, the respondent included relevant portions which Moorer had filed with his state court motions.  See generally doc. 8, RX 12 and 41.

At the Jan. 23, 2008, plea hearing, Moorer was asked if he understood that, under the plea agreement, he would be "sentenced to eight years in prison and that would also include five years post-release control following release . . ."  Moorer was asked, "Do you understand that?" and he responded, "Yes."  (Doc. 8, RX 41, Supplemental Notice, Appx. F, plea hrg. transcript, at 12-13.)  The record shows that Moorer was advised of the post release control when his plea was taken.  (Doc. 8, RX 3.)

After Moorer was returned to court (on a capias) for his March 17, 2008, sentencing hearing, he disputed his understanding of the terms of the plea:

---

[3]  The allegation that counsel failed to request discovery of the wiretap authorization cannot be considered by the court in light of his guilty plea.  Tollett, 411 U.S. at 267.

[MOORER]:  Your honor, I told you I understood that day.  I'm not totally familiar with the law that I was indigent and plead.  I didn't even understand that specific day that I was coming to enter a plea because I came to court, I had came to court that Wednesday, which was the week before that.

[COURT]:  You had – you understood that you entered a plea.

[MOORER]:  But I didn't understand the consequences.  He never told me that.

[COURT]:  I told you what the consequences would be on that day you entered the plea.  And it's in the journal entry.  I told you that you were giving up your right to trial, your right to proceed to trial that day.  Your right to cross-examine all the witnesses.  The right to subpoena your own witnesses into court.  The right to take the witness stand or not take the witness stand.  I went over all these rights.  It's reflected on the transcript that you were fully aware, that you were agreeing to eight years with the possibility of having the plea even further amended if you cooperated between the time of your plea and sentencing.  You were fully aware of that at the time.
* * * * *
I was just concerned of whether you knowingly and voluntarily were waiving your rights, to which you indicated, and I made a finding on that day that you did.

(Doc. 8, RX 12, Exhibit to Motion for Relief from Judgment, sentencing hrg.

transcript, at 8-9; see also doc. 8, RX 31, at 5; Moorer, 2009 WL 4695439, at *2.)

The record demonstrates that Moorer understood the consequences of his guilty

plea, and voluntarily chose to plead guilty.

At the sentencing hearing, defense counsel represented to the court that "I

have had numerous discussions with my client" concerning the negotiations.   (Doc.

8, RX 12, Exhibit to Motion, sentencing tr., at 9.)

The record shows that Moorer was advised of the terms of his plea at the Jan.

23, 2008, plea hearing, namely, Moorer was asked if he understood that he would be

sentenced to eight years in prison, and that he would be subject to five years post-release control following release, and he indicated he did understand.

Moorer has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.  See generally doc. 10, at 17-19; Moore, 131 S.Ct. at 745. Hill, 474 U.S. at 58-59.

The petition should not be granted on the basis of the fifth ground.


RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   July 23, 2012            /s/ Kenneth S. McHargh
                                  Kenneth S. McHargh
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).