IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CORNELIUS MOORER,** | ) | **CASE NO. 1:11 CV 1079** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **WARDEN, Marion Corr. Facility,** | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Kenneth S. McHargh (Docket #13). On July 23, 2012, Petitioner, Cornelius Moorer, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1.) The Magistrate Judge recommends that the Petition be denied.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> The Ohio Court of Appeals set forth the following factual and procedural background:
>
> > On June 15, 2007, a six-count indictment was issued against Moorer and his codefendant, Jason Lawrence ("Lawrence"). Counts 1 and 2 charged both Moorer and Lawrence with drug trafficking; to wit: crack cocaine, in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(A)(1,) respectively,

with a major drug offender specification and a juvenile specification attached to both counts. Count 3 charged Moorer and Lawrence with possession of drugs, in violation of 2925.11(A), and included a major drug offender specification. Count 4 charged Moorer and Lawrence with possessing criminal tools, in violation of R.C. 2923.24(A). Counts 5 and 6 pertained only to Lawrence.

On June 27, 2007, Moorer was arraigned and entered a plea of not guilty; the trial court found him to be indigent and appointed counsel. On July 11, 2007, Moorer's initial counsel withdrew, and Moorer was appointed a second attorney.

On January 23, 2008, the State amended Count 2, drug trafficking, by reducing the amount of crack cocaine involved to be between 25 and 100 grams, as opposed to an amount greater than 100 grams, and removed both the major drug offender and juvenile specifications. Counts 1, 3, and 4 were nolled. Moorer then entered a plea of guilty to Count 2 as amended. As part of the plea agreement, the trial court, the State, and Moorer had agreed upon an eight-year prison sentence, and five years of mandatory postrelease control. Moorer was then referred to the probation department for a presentence investigation report.

On March 5, 2008, Moorer filed a pro se motion to disqualify his Counsel. As the basis for this motion, Moorer argued that his counsel failed to assert defenses Moorer wanted to raise before the trial court. The trial court did not issue a ruling on Moorer's motion.

Before Moorer was sentenced, on March 17, 2008, he made an oral motion to withdraw his guilty plea, which was denied. Moorer was then sentenced to the agreed mandatory eight years in prison and five years of mandatory postrelease control. Moorer did not file a direct appeal.

More than six months later, on October 28, 2008, Moorer filed a pro se motion with the trial court to withdraw his guilty plea pursuant to Crim.R. 32.1. Moorer argued that the trial court erred when it failed to hold a hearing on his oral motion to withdraw his plea, and further, Moorer maintained that he did not knowingly change his plea. The State responded on November 4, 2008, by filing a motion for summary judgment. The State argued that the trial court was without jurisdiction to rule on Moorer's motion to withdraw his plea because his motion raised issues that should have been raised on direct appeal. On December 1, 2008, Moorer filed a motion to strike the State's motion for summary judgment arguing that the State should have filed a brief in opposition to Moorer's motion to withdraw his guilty plea and not a motion for summary judgment. On March 18, 2009, the trial court denied Moorer's

> motion to withdraw his guilty plea. The trial court did not rule on the State's motion for summary judgment or Moorer's motion to strike.

(Doc. 8, RX 31, at 1-3; State v. Moorer, No. 93155, 2009 WL 4695439, at *1 (Ohio Ct. App. Dec. 10, 2009).)

Moorer was sentenced on March 17, 2008 (doc. 8, RX 7), and on March 20 Moorer filed a notice of appeal pro se (doc. 8, RX 8). The court of appeals dismissed the appeal sua sponte, finding that Moorer had agreed to the mandatory sentence. (Doc. 8, RX 9.) Moorer did not appeal that decision to the Supreme Court of Ohio.

Several months later, however, Moorer filed a Motion for Relief from Judgment. (Doc. 8, RX 12.) The court of appeals denied the motion, which it stated was inappropriate at the appellate level. The court stated that a motion under App. Rule 26(A) would have been appropriate, but was "now untimely." (Doc. 8, RX 13.)

On Oct. 24, 2008, Moorer filed a Motion to Withdraw Plea under Crim. Rule 32.1. (Doc. 8, RX 16.) The trial court denied the motion. (Doc. 8, RX 20.)

Moorer appealed, and set forth the following assignments of error:

> 1. The trial court prejudicially erred when it refused to hold a hearing concerning the appellant's request to withdraw his plea of guilty.

> 2. The trial court abused its discretion in denying the appellant's motion to withdraw his guilty plea by adopting Civ. R. 56 which failed to comply with the mandates of Civ. R. 12(B) and no opposition was filed to properly oppose the motion.

(Doc. 8, RX 21-22.) On Dec. 10, 2009, the court of appeals affirmed the judgment of the trial court. (Doc. 8, RX 31; State v. Moorer, No. 93155, 2009 WL 4695439 (Ohio Ct. App. Dec. 10, 2009).) Moorer filed a motion for reconsideration, which was denied. (Doc. 8, RX 32-33.)

Moorer next appealed to the Supreme Court of Ohio, raising the following four propositions of law:

> 1. Did the Eighth District Court of Appeals err in denying Appellant's reconsideration based on Appellant's sentence being void?

> 2. Did the Eighth District Court of Appeals error when it affirmed the trial court's denial of Appellant's oral motion pursuant to R.C. 32.1 ? (Doc. 8, RX 36.) On May 26, 2010, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial

-3-

>  constitutional question. (Doc. 8, RX 3;7 State v. Moorer, 125 Ohio St.3d 1439, 927 N.E.2d 11 (2010.)
>
>  On July 12, 2010, Moorer filed a Motion for Resentencing in the trial court. (Doc. 8, RX 38.) The trial court denied his motion on Dec. 9, 2010. (Doc. 8, RX 42.)
>
>  Moorer filed a notice of appeal pro se (doc. 8, RX 43), but the court of appeals dismissed the appeal sua sponte, finding the appeal barred by res judicata. (Doc. 8, RX 46.) Moorer filed a motion for reconsideration, which was denied. (Doc. 8, RX 48-49.) Moorer did not appeal that judgment further.
>
>  Finally, Moorer filed a Request for a Final Appealable Order in the trial court on May 23, 2011, asserting that the trial court had failed to journalize its denial of his oral motion to withdraw his guilty plea. (Doc. 8, RX 50.) In response, the trial court issued a nunc pro tunc entry reflecting the judgment and sentence imposed in open court. (Doc. 8, RX 52.)

(Docket No. 1).

On May 26, 2011, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1.) Petitioner sets forth the following Grounds for Relief:

>  Petitioner asserts that he was denied access to the courts because he was never properly given a ... hearing on his motion to withdraw his guilty plea and there is no transcripts that exist to support the record that a hearing was ever held on petitioners motion to withdraw the plea.
>
>  Conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
>
>  Conviction obtained by the use of evidence obtained pursuant to an unlawful arrest.
>
>  Petitioner was denied his Constitutional Right to due process on Appeal.
>
>  Petitioner was denied effective assistance of counsel.

(Doc. 1, § 12.) As noted by the Magistrate Judge, Petitioner only numbered four grounds for relief in his Petition. However, reading Petitioner's *pro se* Petition liberally, the Magistrate Judge included a review of the argument raised by Plaintiff in Section 12 at p. 3 which was listed

-4-

as a separate Ground for Relief.

A Return of Writ was filed on November 7, 2011. (Docket #8.) On November 28, 2011, Petitioner filed his Traverse to Return of Writ. (Docket #12.)

On July 23, 2012, the Magistrate Judge issued his Report and Recommendation. (Docket #13.) The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied. On August 6, 2012, Petitioner filed his Objection to the Report and Recommendation. (Docket #14.)

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo,* considering the objections of Petitioner. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. The Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge (Docket #13) in its entirety.

The Petition for Writ of Habeas Corpus (Docket #1) is DENIED.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of

appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further.  Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: August 17, 2012